IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN RE: )
)
INTEGRITY FACILITIES )
MANAGEMENT, INC., ) CASE NUMBER: 14-80617
) CHAPTER 7
Debtor )
)
)

**MOTION (1) TO APPROVE PRIVATE SALE OF CLEANING SUPPLIES AND EQUIPMENT AND (2) TRANSFER ANY LIENS, ENCUMBRANCES OR INTERESTS TO THE SALE PROCEEDS**

NOW COMES Northen Blue, LLP (the "Trustee"), the chapter 7 trustee in the above-captioned bankruptcy case, by and through counsel, pursuant to § 363 of the Bankruptcy Code, Rules 6004 and 9014 of the Federal Rules of Bankruptcy Procedure, and hereby requests that the Court enter an order approving the private sale of cleaning supplies and equipment, and transferring any liens, encumbrances or other interests to the proceeds of the sale. In support of this Motion, the Debtor shows the Court the following:

1. On June 27, 2014 (the "Petition Date"), Integrity Facilities Management, Inc. (the "Debtor") filed a voluntary petition in the United States Bankruptcy Court for the Middle District of North Carolina, seeking relief under Chapter 11 of the Bankruptcy Code. On November 21, 2014, John A. Northen was appointed as chapter 11 trustee. On December 2, 2014, the case was converted to chapter 7 and the Trustee is the duly-appointed chapter 7 trustee.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334, and this matter is a core proceeding under 28 U.S.C. §157(b)(2). Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

3. The Debtor owns certain cleaning supplies and equipment (the "Sale Assets"), which are more specifically described in the Sale Agreement, attached hereto as Exhibit A. The Trustee seeks to sell the Sale Assets to Premiere Building Maintenance Corporation (the "Purchaser").

4. Subject to this Court's approval, the Trustee and the Purchaser have entered

into the Sale Agreement, pursuant to which the Trustee has agreed to sell the Sale Assets to the Purchaser for the sum of $47,811 (the "Purchase Price"). The purchase price reflects (i)$25,311, which was the Debtor's cost basis in the cleaning supplies located at various Durham County Public Schools ("DPS") at the time the Debtor ceased operations, and (ii) $22,500 for the used cleaning and janitorial equipment located at the various DPS sites.

5. The Debtor's Schedule D does not reflect any security interest in the Sale Assets.

6. The various cash collateral orders entered during the pendency of the chapter 11 case refer to a lien held by the IRS. However, the IRS's proof of claim [Claim No. 1-4], asserts only a priority tax claim of $43,265.24, not a secured claim.

7. The Trustee is not aware of any other liens, encumbrances or other interests with respect to the Sale Assets.

8. The Trustee seeks to sell the Sale Assets to the Purchaser, free and clear of all claims, liens encumbrances and interests, pursuant to 11 U.S.C. § 363(f). As set forth above, the Trustee does not believe there are any liens on the Sale Assets, but any lien or other interest in the Sale Assets shall be transferred to the sale proceeds.

9. The Trustee believes that the value of the Sale Assets is best realized by the proposed sale, that the proposed purchase price is fair, and that the proposed sale is in the best interest of the estate.

10. The Trustee further requests that this Court find that adequate notice of the proposed sale of the Sale Assets was provided by the service of this Motion.

WHEREFORE, the Trustee prays the Court for an order:

1. Authorizing the Trustee to sell, transfer and convey the Sale Assets in accordance with the terms and conditions of the Sale Agreement;

2. Transferring the liens, claims or interests of any creditor or other party in interest in the Sale Assets to the sale proceeds;

3. Finding that adequate notice of the proposed sale of the Sale Assets was provided by the service of this Motion; and

5. Granting such other relief as the Court deems necessary and appropriate.

RESPECTFULLY submitted on behalf of the Trustee, this the 6th day of March, 2015.

        NORTHEN BLUE, LLP

        /s/ John Paul H. Cournoyer
        John Paul H. Cournoyer, NCSB #42224
        jpc@nbfirm.com
        Post Office Box 2208
        Chapel Hill, NC 27515-2208
        Telephone: 919-968-4441

        *Counsel for the Trustee*

## SALE AGREEMENT

This Agreement is made on February 20, 2015, between Northen Blue, LLP, chapter 7 trustee for Integrity Facilities Management, Inc. (the "Seller"), and Premiere Building Maintenance Corporation (the "Buyer").

WHEREAS, Integrity Facilities Management, Inc. (the "Debtor") was a debtor in a chapter 11 bankruptcy case pending before the U.S. Bankruptcy Court for the Middle District of North Carolina. The case was subsequently converted to a chapter 7 bankruptcy case, and Northen Blue, LLP is the chapter 7 trustee.

WHEREAS, the Debtor was party to a certain Subcontractor Work/Services Agreement with Southeast Service Corporation d/b/a SSC Service Solutions, pursuant to which the Debtor provided cleaning and janitorial services to Durham County Public Schools ("DPS").

WHEREAS, on or about November 5, 2014, the Debtor ceased operations due to its inability to use cash collateral. On or about November 5, 2014, the Buyer began providing cleaning and janitorial services to DPS, and took possession of certain cleaning supplies and equipment owned by the Debtor.

WHEREAS, the Debtor's cost basis in the cleaning supplies located at the DPS sites was $25,311, and the Buyer has agreed to purchase the cleaning supplies for that amount.

WHEREAS, the Buyer has agreed to purchase the equipment for $22,500, which the trustee believes is a fair value after considering the fact that the equipment is used and is in need of significant repairs;

NOW THEREFORE, the Seller and Buyer hereby agree as follows:

1. Sale of goods. Seller shall sell and Buyer shall purchase and acquire (i) all of the cleaning supplies that the Buyer took possession of on or about November 5, 2015, and (ii) all of the equipment identified on the attached Schedule 1.

2. Bankruptcy Court. This Agreement is subject to the approval of the U.S. Bankruptcy Court of the Middle District of North Carolina (the "Bankruptcy Court"). The parties agree that the Bankruptcy Court shall retain the exclusive and sole jurisdiction to resolve any controversy or claim arising out of or relating to this Agreement or the implementation or the breach hereof. The parties consent to the core jurisdiction of the Bankruptcy Court, to the constitutional authority of the Bankruptcy Court to enter a final judgment, and agree to have waived any right to a jury trial in connection with any disputes related to or arising out of this Agreement.

3. Price. The price shall be $47,811, and shall be paid within five (5) business days after the entry of an order of the Bankruptcy Court approving this Agreement.

4. Delivery. The goods shall be delivered FOB their current location.

5.  **Warranties.** Seller warrants that the goods shall be sold free and clear of any claims or liens to the fullest extent possible under 11 U.S.C. § 363(f). The goods are sold "as is, where is."

6.  **Applicable law.** To the extent not governed by the Bankruptcy Code, this Agreement shall be governed by and construed in accordance with the laws of the State of North Carolina, without giving effect to rules governing the conflict of laws.

7.  **Assignment and delegation.** This agreement is not assignable, and the performance of the duties hereunder is not delegable by either party without the express written consent of the other party.

8.  **Merger clause.** This instrument constitutes the entire agreement between the parties hereto with respect to the subject matter hereof. This agreement can only be modified in a writing signed by the parties hereto or their duly authorized agents.

9.  **Execution.** This Agreement may be executed in one or more counterparts (whether manually signed or by facsimile or other electronic means), each such counterpart shall be deemed an original, and all such counterparts shall constitute one and the same agreement.

IN WITNESS WHEREOF, the parties have executed or caused their duly authorized officer, agent or other representative to execute this Agreement as of the day and year first above written.

**NORTHEN BLUE, LLP, Chapter 7 Trustee for Integrity Facilities Management, Inc.**

By: _____
Name: John Paul H. Cournoyer
Title: Associate Attorney

**PREMIERE BUILDING MAINTENANCE CORPORATION**

By: _____
Name: Mark Isom
Title: President & CEO

# SCHEDULE 1
## Durham Equipment List

| School Name | | Electric Hi speed | Hi Speed Battery | Wet Dry Vacuum | Auto Scrubber | Low Speed Machine | Reel Cleaner | Up wright Vacuum | Maid Carts | Bruts W/ Dolly | Tilt Cart | Mop Bucket |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Creekside Elementtary | Serial | | | | 35218 | | | | | | | |
| | Model # | Cfp 2000 | 9123600 | | 8680 | | | | | | | |
| | Quanity | 1 | 1 | | 1 | | | 5 | 5 | | | 6 |
| CC Spaulding | Serial | | | | | | | sc58445 | | | | |
| | Model # | | | | | | | so1112180 | | | | |
| | Quanity | | | | | | | 1 | | | | |
| Jordan High School | | | 27170db/ | 1404763/ | | 15041/20 | | | | | | |
| | Serial | 1.41E+09 | b0517es | 105722 | | 00781 | | | | | | |
| | Model # | | | | | | | | | | | |
| | Quanity | | 2 | 2 | 1 | 2 | 1 | 3 | 8 | 9 | 2 | 10 |
| Southwest Elementary | Serial | 10029864 | | | 5.7E+09 | | | | | | | |
| | Model # | mastercraft | | | 5700 | | | | | | | |
| | Quanity | 1 | | | 1 | | | 8 | 7 | | | 5 |
| Githens Middle School | Serial | | smd005 | | 24446 | | advance | | | | | |
| | Model # | | advance | | 5700 | | advace | | | | | |
| | Quanity | 1 | 1 | 1 | 1 | 1 | 1 | 5 | 4 | | 2 | 4 |
| Pearsontown Elementary | Serial | 236099 | no278110b | | | | | | | | | |
| | Model # | 9173600 | wrangler | | | | | | | | | |
| | Quanity | 1 | 1 | | | 1 | 1 | 4 | 4 | | 1 | 6 |
| Hillside High School | | | | 608239/6 | | | | | | | | |
| | Serial | p665r221 | 912/3600/ | 07673 | 73402 | 99353 | | | | | | |
| | Model # | | | | | | | | | | | |
| | Quanity | 1 | 1 | 2 | 1 | 2 | | 7 | 13 | 8 | 2 | 9 |
| WG Pearson Middle | Serial | | 9123800c2 | | | | | | | | | |
| | Model # | p1700-20 | | 3500 | | | | | | | | |
| | Quanity | 2 | 1 | 1 | | | | | 2 | | | 4 |
| Pearsontown | Serial | | 3E+09 | 10236094 | 18964 | | | | | | | |
| | Model # | thopomati | adbolution | 607673 | 5680 | | | 56412 | | | | |
| | Quanity | 1 | 1 | 1 | 1 | | | 6 | 5 | | | 7 |
| Parkwood Elementary | Serial | | | | | | | | | | | |
| | Model # | | | | | | | | | | | |
| | Quanity | 1 | | 1 | | 1 | | 5 | 4 | | | 8 |
| Lakewood | Serial | | 101483 | | | | | | | | | |
| | Model # | | | | | | | | | | | |
| | Quanity | | 1 | 1 | | 1 | 1 | 3 | 4 | | | 3 |

| Name | Field | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Roger Herr | Serial | | | | | | | | | |
| | Model # | | | | | | | | | |
| | Quanity | 1 | 1 | 1 | 1 | 1 | 4 | 5 | | 7 |
| Lowes Grove | Serial | 101156 | | 73403 | 99352 | 43906 | 6406/5520 | | | |
| | Model # | | | | | | | | | |
| | Quanity | 1 | 1 | 1 | 1 | 1 | 5 | 4 | | 5 |
| Hope Valley | Serial | 101490 | | | | 44304 | 4980/4979/4986 | | | |
| | Model # | | | | | | | | | |
| | Quanity | 1 | 1 | 1 | 2 | 1 | 3 | 3 | | 4 |
| *Fayetteville* | Serial | 101473 | | | | 44432 | 4983/4988/ | | | |
| | Model # | | | | | | | | | |
| | Quanity | 1 | 1 | | 1 | 1 | 3 | 4 | | 5 |
| Shepard | Serial | 101471 | | | 99351 | 44150 | 5532/5528 | | | |
| | Model # | | | | | | | | | |
| | Quanity | 1 | 1 | 1 | 1 | 1 | 4 | 4 | | 4 |